# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT GILMORE, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONSANTO COMPANY, )<br>)<br>Defendant. ) | C.A. No. 20-1085-MN |

**DECLARATION OF GILLIAN L. WADE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF THE CLASS FOR THE PURPOSES OF SETTLEMENT**

I, Gillian L. Wade, declare as follows:

1. I am admitted to practice in this Court *pro hac vice* and a partner at Milstein Jackson Fairchild & Wade, LLP ("MJFW"), Class Counsel and counsel of record for Plaintiff Scott Gilmore. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. This declaration is submitted in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement, filed concurrently herewith.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement[1] and exhibits thereto.

4. This action and the Related Actions allege substantially similar claims asserting violations of state consumer-protection and false-advertising statutes related to the marketing and sale of Monsanto's Roundup® Products without warning of their alleged carcinogenicity and health risks. These cases include various federal and state class actions against Monsanto and retailers that sell Monsanto's Roundup® Products, as well as individual state actions against retailers.

5. On February 19, 2020, Julio Ezcurra filed suit in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, seeking to represent a Florida class of Roundup® purchasers of the Roundup® Products.[2] *Ezcurra* Compl. ¶¶ 20-90. Monsanto removed the case to federal court on March 27, 2020 and moved to dismiss the complaint on April 3, 2020. After several months of motion practice, the parties conducted a

---

[1] All capitalized terms herein have the meaning specified in the Settlement Agreement.
[2] *Ezcurra et al v. Monsanto Co.*, No. 9:20-cv-80524 (S.D. Fla.) (filed 2/19/2020), Compl. ¶¶ 20-90.

Rule 26(f) conference on May 4, 2020, filed a Joint Discovery Plan a week later, and commenced discovery. MJFW appeared in the Ezcurra action on July 21, 2020 as counsel for Mr. Ezcurra.

6. Ezcurra and Monsanto exchanged Rule 26 initial disclosures on May 18, 2020 and exchanged written discovery between May and July of 2020. On behalf of Ezcurra, we served Monsanto with 13 interrogatories, 27 requests for admission, and 55 requests for production. Monsanto provided a total of 34 pages of interrogatory responses and 25 pages of admissions, and produced thousands of pages of documents, including sales data. Ezcurra issued a notice of deposition to Monsanto's Global Packaging and Labeling Lead Jerry Lambert on June 5, 2020, and Monsanto issued a Notice of Deposition to plaintiff Julio Ezcurra on August 3, 2020 to take his deposition on August 10, 2020.

7. We also retained Dr. D.C. Sharp, PhD., an economic expert and formerly tenured Associate Professor of Economics and Business Advisory Council Research Professor at the University of Southern Mississippi. Following extensive research and data analysis, Dr. Sharp's report concluded that consumers had paid a price premium of 31 percent over what they would have been willing to pay for a similar product that disclosed a carcinogenic active ingredient

8. While the parties were engaged in discovery in the *Ezcurra* case, Monsanto's motion to dismiss was pending before the court.

9. On August 6, 2020, following a lengthy hearing and supplemental briefing requested by the Court, Monsanto's motion to dismiss was granted. On behalf of Ezcurra, we filed a Notice of Appeal with the U.S. Court of Appeals for the Eleventh Circuit challenging the court's dismissal order. That appeal has been fully briefed since March 8, 2021 and is set for oral

argument in October. While the *Ezcurra* case remains pending on appeal, the parties have relied on the discovery record developed in *Ezcurra* in reaching the instant Settlement.

10. We filed the instant action on behalf of Plaintiff Gilmore and a putative class on August 19, 2020. On December 3, 2020, Monsanto moved to dismiss Gilmore's initial complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We filed a First Amended Complaint ("FAC") on Mr. Gilmore's behalf on January 12, 2021. Monsanto moved to dismiss the FAC on January 26, 2021, and the matter is fully briefed.

11. While Monsanto's motion to dismiss the FAC was pending, the parties conducted a joint mediation before the Honorable Diane M. Welsh of JAMS. Class Counsel and counsel for Monsanto had previously designated Judge Welsh as a private mediator in *Ezcurra* in May 2020 pursuant to the Southern District of Florida's Local Rules and the court's Pretrial Scheduling Order. *See* Notice of Mediator Selection, Dkt. No. 25, *Ezcurra v. Monsanto Co.*, Case No. 9:20-cv-80524-DMM (S.D. Fla.). At the time, the parties anticipated that any mediation before Judge Welsh would attempt to resolve all of Class Counsel's and Plaintiff's Counsel's Related Actions pending against Monsanto and the major retailers of its Roundup® Products.

12. We continued to prosecute the Related Actions after *Ezcurra* was dismissed, including by appealing *Ezcurra* to the Eleventh Circuit and filing the instant action. Although Class Counsel continued to believe the merits of the Related Actions were strong, the claims against the retailers are novel and complex. Between September 2020 and January 2021, courts dismissed complaints in three Related Actions and granted leave to amend: *Weeks v. Home Depot*, *Taylor v. Costco*, and *Hanna v. Walmart*.

13. To facilitate settlement discussions, Monsanto provided us with nationwide sales data for its Roundup® Products. This data was analyzed by Dr. Sharp for settlement purposes.

14. The parties ultimately scheduled a mediation in this matter on February 16, 2021 before Judge Welsh, a former United States Magistrate Judge and an experienced mediator nationally recognized for her work in complex class actions. The mediation took place before Judge Welsh via videoconference on February 16, 2021. I, along with Sara D. Avila, and Marc A. Castaneda from MJFW, and Joel Oster of the Law Offices of Howard Rubinstein, participated for Plaintiff. Monsanto was represented by John J. Rosenthal and Jeff Wilkerson of Winston & Strawn LLP, and Robyn D. Buck and William B. Dodero of Monsanto. The negotiations lasted more than *fourteen hours* and involved multiple rounds of shuttle diplomacy and face-to-face negotiations among counsel facilitated by Judge Welsh. Shortly after midnight EST, however, the parties reached an agreement in principle.

15. After further negotiations regarding the details of the agreement, the parties executed the Settlement Agreement attached hereto as Exhibit 1 on June 9, 2021..

16. Based on the information Monsanto provided for mediation purposes, we estimate that there are millions of purchasers of Roundup® Products during the class period.

17. On June 10, 2021 MJFW filed a Second Amended Complaint, which added Plaintiffs from some of the Related Cases. Specifically, Julio Ezcurra, Sherry Hanna, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor and Kristy Williams (collectively, "Plaintiffs") were added to this action.

18. I am unaware of the Plaintiffs having any conflicts of interest with other putative class members. It is my understanding that Plaintiffs are committed to the vigorous prosecution of this action.

19. I, along with Ms. Avila and Mr. Castaneda of MJFW, have extensive experience litigation consumer class action matters.

20. MJFW conferred with Plaintiffs concerning the proposed settlement to ensure that it was in the best interest of the Settlement Class Members. I believe that Plaintiffs have, and will continue to vigorously and adequately represent the interests of the Settlement Class Members.

21. We have litigated and negotiated vigorously on behalf of our clients, and eventually reached a settlement that provides approximately two-thirds the best-case scenario for Plaintiffs were they to prevail at trial.

22. MJFW has extensive experience in class action and complex litigation. Lawyers in its class action department have served as Lead or Co-Lead Counsel in numerous class actions protecting the rights of consumers, with a particular emphasis on consumer fraud and protection matters.

23. MJFW specializes in representing plaintiffs in complex mass actions and class actions. MJFW is capable of, and committed to, prosecuting this action vigorously on behalf of the Class. MJFW has extensive experience representing parties in cases involving consumer deception and unfair, unlawful and fraudulent business practices. Some of the matters in which MJFW has been appointed as lead or co-lead class counsel include: *Imani Whitfield et al. v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019); *Perez v. Public Storage*, LASC No. BC611584 (2018); *In re Wells Fargo Bank Wage and Hour Cases*, LASC No. JCCP4702 (2018); *Barba et al. v. Shire U.S. Inc.,* S.D. Fla. No. 1:13-cv-21158-JAL(S.D. Fla. 2016); *Eggnatz v. The Kashi Company,* S.D. Fla. No. 1:12-CV-21678-JA (S.D. Fla. 2015); *Paul v. Wine.com*, SFSC Case No. CGC13534734 (2015); *Toney v. Just Fabulous*, LASC BC533943 (2015); *Arreguin v. Telebrands Corp.*, San Bernardino County Case No. CIVRS1307798 (2015);

*McCrary v. The Elations Company, LLC*, No. ED CV 13-00242 JGB (OPx) (C.D. Cal.2014); *Smith v. Intuit, Inc.,* No. 5:12-cv-00222 EJD (N.D. Cal.2013); *Solomon v. Ramona's Mexican Food Products, Inc.* (LASC No. BC 463914 (2013); *Saenz v. SEIU United Healthcare Workers West*, Alameda Superior Court Case No. RG09478973 (2013); *Griar, et al., v. Glaxosmithkline, Inc. et al.,* LASC No. BC288536, (2012); *In re Budeprion XL Marketing and Sales Practices Litigation*, MDL No. 2107 (2012); *Keller v. Gaspari Nutrition, Inc.,* 2:11-cv-06158-GAF (C.D. Cal. 2011); *Weeks et al v. Kellogg, et al.,* CV-09-08102-MMM (C.D. Cal., 2011); *Williams, et al. v. Biotab Nutraceuticals, Inc.*, LASC No. BC414808 (2010); *Wally v. CCA Industries, Inc.*, SFSC Case No. BC422833, (2010); *Fallon v. E.T. Browne Drug Co., Inc.*, LASC No. BC 411117 (2009); *Oliver, et al. v. Atmos Corporation*, San Joaquin Super. Ct. Case No. CV0119362 (2009); *Salcido v. Iomedix*, LASC Case No. BC 387942 (2009); *Deist, et. al. v. Viking Industries*, San Joaquin Super Ct., Case No. CV 025771 (2009); *Ceballos v. Fuze Beverage, LLC*, LASC Case No. BC 394521 (2009); *Heath, et al. v. County of San Bernardino*, ED CV 06-411-VAP (C.D. Cal. 2008); *Klyachman, et al. v. The Vitamin Shoppe, et al.*, New Jersey Super. Ct. Case No. L-1739-07 2008); *Shaffer v. Continental Casualty Company, et al.*, 2:06-cv-02235-PSG (C.D. Cal. (2008) (class certification aff'd. at D.C. No. 2:06-cv-02235-PSG-PJW); *Klotzer, et al. v. International Windows*, Solano County Super. Ct. Case No. FCS 021196 (2007); *LaRosa v. Nutramerica Corp.*, LASC Case No. BC 309427 (2007); *Abigana, et al. v. Rylock Company Ltd.*, Alameda County Case No. 2002 076625, (2006); *Hufschmidt v. Allstate Insurance Company*, LASC No. BC291782 (2004).

24. I graduated from the University of California, San Diego in 1999 and earned my law degree from Pepperdine University School of Law, *magna cum laude,* in 2003. My practice focuses on representing plaintiffs in complex litigation and consumer class actions, with particular emphasis on class actions involving consumer fraud. I have had significant involvement in over 75 consumer

7

class action cases during my time at MJFW, and I have been appointed lead class counsel or co-lead class counsel in several state and federal class actions throughout the United States, including: *Imani Whitfield et al. v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019); *Perez v. Public Storage*, LASC No. BC611584 (2018); *In re Wells Fargo Bank Wage and Hour Cases*, LASC No. JCCP4702 (2018), *Barba et al. v. Shire U.S. Inc.*, No. 1:13-cv-21158-JAL (S.D. Fla.); *Eggnatz v. The Kashi Company*, No. 1:12-CV-21678-JAL, (S.D. Fla.); *Toney v. Just Fabulous*, (LASC BC533943); *Paul v. Wine.com*, (SFSC CGC13534734); *Arreguin v. Telebrands Corp.* (San Bernardino County Case No. CIVRS1307798); *McCrary v. The Elations Co., LLC*, EDCV 13-00242 JGB (OPx) (C.D. Cal.); *Saenz v. SEIU United Healthcare Workers-West* (Alameda Superior Court, No. RG09478973); *Smith, et al. v. Intuit, Inc.,* 5:12-cv-00222-EJD (N.D. Cal.); *In re Budeprion XL and Marketing and Sales Practices Litigation* (MDL No. 2107) (E.D. Pa.); *Keller v. Gaspari Nutrition, Inc.* No. 2:11-cv-06158-GAF (C.D. Cal.); *Shaffer v. Continental Casualty Company*, 2:06-cv-2235-PSG (C.D. Cal.); *Weeks, et al. v. Kellogg, et al.*, CV-09-08102 (MMM)(C.D. Cal.); *Thompson, et al., v. Biotab Nutraceuticals*, Inc. (LASC No. BC414808); *Pabst v. Genesco, Inc.,* 3:11-cv-01592-SI (N.D. Cal.); *Heath, et al. v. County of San Bernardino,* 5:06-CV-00411-VAP (C.D. Cal.); *Solomon v. Ramona's Food Products,* LASC No. BC 451080; *Wike v. HCG Platinum, LLC,* LASC. No. BC451080; *Litwin v. iRenew, et al.,* LASC. No. BC447114; and *Fallon v. ET Browne Drug Corp.*, LASC No. 411117. I have also been appointed to the Plaintiffs' Executive Committees in several federal class actions centralized by the MDL Panel, including: *In re Nutramax Cosamin Marketing and Sales Practices Litigation* (MDL No. 2489)(D. Md.); *In re*

8

*Pom Wonderful Marketing and Sales Practices Litigation* (MDL No. 2199)(C.D. Cal.); *In re Budeprion XL Marketing and Sales Practices Litigation* (MDL No. 2107) (E.D. Pa.); *In re Liberty Refund Anticipation Loan Litig.* (MDL No. 2334) (N.D. Ill.) and *In re H&R Block Refund Anticipation Litig.* (MDL No. 2373) (N.D. Ill.).

25. I have written articles regarding class action litigation and I was the Plaintiffs' co-chair of the 2019 and 2020 Bridgeport Consumer Class Action Litigation and Management conferences. I have participated as a panelist at numerous conferences regarding consumer class action litigation, including, "Does Compliance Matter? Class Actions Over Regulated Labels" at the 2014 American Bar Association Section of Antitrust Law Spring Meeting in Washington, D.C., the 2015, 2016, 2017 2018, 2019 and 2020 Bridgeport Consumer Class Action Litigation & Management Conferences in Los Angeles, Orange County and virtually, the 2019 and 2020 Mass Torts Made Perfect (Class Action Track) conference, and the 2017 and 2020 CLE International Food Law Conference, where I presented plaintiff perspectives on class action procedural issues affecting food litigation.

26. In 2019, I accepted an invitation to join the Outside Advisory Board of the UCLA Resnick Center for Food & Law Policy and I am an executive member of the Cambridge Food Fraud Forum. I have guest lectured at UCLA Law School and Pepperdine Caruso School of Law about class action litigation and was selected to be on the 2018-2019 executive committee for The Class Action Trial Lawyers Association – Top 25.

27. In 2020, I participated as a plaintiffs-side moderator in the Complex Courts Virtual Symposium, among a panel of California complex court judges on the topic "The Lifecycle, Pitfalls and Best Practices of Class Actions."

28.     Prior to joining MJFW, I was a litigation associate at Jones Day where I defended corporations in consumer fraud class actions, ERISA cases, and actions arising under the Fair Credit Reporting Act.

29.     Sara Avila is a senior associate at MJFW and part of the firm's consumer class action practice group, and is admitted in this Court *pro hac vice*. Ms. Avila graduated from the University of California, Los Angeles with a Bachelor of Arts and received her Juris Doctorate from Pepperdine University School of Law. She has been admitted to practice law in California since 2009. She has had significant involvement in over 50 consumer class actions. Her career has been focused on representing plaintiffs in actions stemming from consumer deception, and she has been appointed class counsel in the following cases: *Imani Whitfield et al. v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation,* MDL 2709(2019); *Perez v. Public Storage*, LASC No. BC611584 (2018); *Barba et al. v. Shire U.S. Inc.*, No. 1:13-cv-21158-JAL (S.D. Fla.); *Eggnatz v. The Kashi Company*, No. 1:12-CV-21678-JAL, (S.D. Fla.); *Toney v. Just Fabulous*, (LASC BC533943); *Paul v. Wine.com*, (SFSC CGC13534734); *Arreguin v. Telebrands Corp.* (San Bernardino County Case No. CIVRS1307798); *McCrary v. The Elations Co.*, LLC, EDCV 13-00242 JGB (OPx) (C.D. Cal.); *Saenz v. SEIU United Healthcare Workers-West* (Alameda Superior Court, No. RG09478973). Ms. Avila participated as a panelist at the 2019 and 2020 Bridgeport Consumer Class Action Litigation & Management Conferences in Orange County, California.

30.     Marc A. Castaneda is an associate at MJFW and part of the firm's consumer class action practice group, and admitted to practice in this Court *pro hac vice*. Mr. Castaneda has been admitted to practice law in California since 2014. Mr. Castaneda graduated from Columbia

University with a Bachelor of Arts in 2009 and received his Juris Doctorate from Fordham University School of Law in 2014. Mr. Castaneda has worked on over 25 class actions during his time at MJFW and co-chaired a class action trial in 2018. He was also appointed Class Counsel in *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019).

31. I, along with Ms. Avila, Mr. Castaneda, and co-counsel Joel Oster, had sufficient information to make an informed decision about the merits of this case as compared to the benefit provided by the proposed settlement. Indeed, we possessed all information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the settlement at arms' length and with the assistance of a neutral mediator. Based on our extensive experience, our investigation, and the information provided to us, we believe this Settlement constitutes an excellent recovery for Settlement Class Members, and is within the reasonable range of probable recoveries.

32. In considering whether to enter into the Settlement, I, along with Ms. Avila, Mr. Castaneda, and Mr. Oster, weighed the risks inherent in establishing all the elements of all of the plaintiffs' claims at trial and on appeal. We also considered the expense of retaining experts, giving class notice if they were successful in certifying a class, and a trial (and likely duration of post-trial motions and appeals). We, on Plaintiff's behalf, agreed to settle this litigation on these terms based on our careful investigation and evaluation of the facts and law relating to Plaintiff's allegations and Monsanto's defenses.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on June 14, 2021 in Los Angeles, California.

                                                       */s/ Gillian L. Wade*
                                                      Gillian L. Wade