**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SCOTT GILMORE, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1085-MN |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF UNITED STATES MAGISTRATE JUDGE DIANE WELSH (RET.) REGARDING CLASS-ACTION SETTLEMENT

1.  I am a mediator affiliated with JAMS, a provider of Alternative Dispute Resolution services.

2.  I served as a United States Magistrate Judge in the United States District Court for the Eastern District of Pennsylvania from 1994 through 2005. For ten of those years, I also served on the Alternative Dispute Resolution committee for the United States District Court for the Eastern District of Pennsylvania, drafting local federal court rules for court-annexed mediation programs.

3.  I have extensive experience mediating a wide variety of class actions, including consumer and mass torts class actions. I have mediated over 5,000 cases, covering a wide variety of disputes. Among other awards and accolades for my mediation work, I was recognized as a 2016 to 2018 "ADR Champion" by the *National Law Journal*; was voted "Best ADR Individual" by the readers of ALM's *Legal Intelligencer* from 2007 to 2016; and was recognized as 2014 Mediation "Lawyer of the Year" for Philadelphia and a 2007 to 2020 Best Lawyer in the Alternative Dispute Resolution Category by *Best Lawyers in America*.

4.      The parties jointly retained me to mediate in *Gilmore v. Monsanto Co.*, 1:20-cv-01085-MN (D. Del.) on September 24, 2020. The purpose of the mediation was to work with the parties to explore whether they could reach a settlement of the *Gilmore* matter based on a joint and separate evaluation of the risks and costs each side faced with continued litigation. In addition to the *Gilmore* matter, the parties agreed that the mediation and pre-mediation materials would attempt to reach a nationwide settlement of all of Class Counsel's and Plaintiffs' Counsel's pending or anticipated class actions against Monsanto and retailers of Roundup® products relating to the issues set forth in the *Gilmore* Complaint. The mediation process was confidential, but both parties have authorized me to inform the court of the matters presented in this declaration.

5.      After preliminary discussion with counsel for the parties, the parties and I agreed to a mediation schedule that included pre-mediation briefing by the parties—both confidential and non-confidential—and a video-conference mediation scheduled for February 16, 2021. Prior to the mediation session, the parties provided me with their detailed pre-mediation submissions, some of which were shared between the parties and some of which were shared only with me, which included hundreds of pages of exhibits and extensive briefing on the parties' positions on liability, defenses, and damages; relevant case law; the likelihood of class certification; and the history of related actions that informed the course of the litigation.

6.      Following the submission of the parties' briefs and pre-mediation calls with the respective parties, I supervised a video-conference mediation session on February 16, 2021 lasting more than fourteen hours. Plaintiff was represented by Gillian L. Wade, Sara D. Avila, and Marc A. Castaneda of Milstein, Jackson, Fairchild & Wade, LLP, and Joel Oster of the Law Offices of Howard Rubinstein. Monsanto was represented by John J. Rosenthal and Jeff

Wilkerson of Winston & Strawn LLP. Robyn D. Buck, Senior Assistant General Counsel – Litigation for Bayer U.S. and William B. Dodero, Global Head of Litigation for Bayer U.S., also participated on behalf of Defendant.

7. During the mediation session, we focused on issues that each side contended would be relevant to the likely outcome of the case if settlement were not reached. The mediation session involved multiple rounds of both face-to-face negotiations amongst counsel for the parties and indirect discussions via shuttle diplomacy. During these discussions, the parties exchanged proposals and counter-proposals for settlement.

8. Throughout the mediation, it was clear to me that each of the parties were represented by experienced and competent counsel, willing to litigate the matter to conclusion, if necessary. In my opinion, based on my experience, in this matter counsel for both sides vigorously and skillfully represented the interests of their clients. The level of advocacy for both parties was informed, vigorous, engaged, ethical, and effective. The parties' positions on both liability and damages in this and the related cases were extensively briefed and were probed and discussed at length during the mediation in both joint and separate sessions, as were the risks of continued litigation.

9. Throughout the process, the parties engaged in extensive adversarial negotiations on virtually every issue in the cases. I observed nothing that suggested any collusion or other untoward behavior by counsel for either party. Instead, the negotiations were principled, exhaustive, informed, and sometimes challenging, and ultimately resulted in a mediated agreement in principle shortly after midnight on February 17, 2021.

10. In my opinion, the outcome of the mediated negotiations is the result of a fair, thorough, and fully informed arms-length process between highly capable, experienced, and

informed parties and counsel. The final settlement represents a compromise of the parties' initial positions that were the product of the parties' and counsels' best professional effort and judgment about a fair, reasonable, and adequate settlement after thoroughly investigating and litigating this and the related cases, taking into account the risks, strengths, and weaknesses of their respective positions on the substantive issues in the cases, the risks and costs of continued litigation, and the best interests of their clients. Moreover, it is my opinion that the settlement reached by the parties is consistent with my own judgments of the strengths and weaknesses of the parties' cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of June, 2021, at Philadelphia, Pennsylvania

_____
Honorable Diane M. Welsh (Retired)