IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT GILMORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1085-MN |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
TO STAY RELATED PROCEEDINGS**

Concurrently with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement, Plaintiffs and Defendant Monsanto jointly move the Court to issue a stay of all pending or future state and federal proceedings asserting Released Claims and to enjoin Settlement Class Members from initiating, maintaining, or participating in such proceedings until this Court conducts a final fairness hearing and determines whether to grant final approval of the proposed settlement.

**I.     The District Court Has the Discretion to Stay All Litigation Regarding the Same Subject Matter Under the All–Writs Act.**

Where a federal court and parties have expended considerable time and resources to arrive at a proposed nationwide settlement, and preliminary approval of settlement is ordered that starts a class notice and opt out period, a court may enjoin all pending and future state and federal litigation concerning the same subject matter under the All–Writs Act, 28 U.S.C. § 1651 (1988).[1]

*In re Joint E. & S, Dist. Asbestos Litig.*, 134 F.R.D. 32, 37 (E.D.N.Y. 1990) ("[T]he All–Writs Act

---

[1] The court may enjoin parallel actions either directly with an order directed at "the court itself" or "indirectly" with an "order directed at the parties and their representatives. . . ." *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002).

permits courts to certify a national class action and to stay pending federal and state cases brought on behalf of class members."). "This type of injunctive relief is commonly granted in preliminary approvals of class-action settlements" for the "period between preliminary approval and the Final Fairness Hearing. . . ." *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, 2012 WL 13065005, at *8 (D. Minn. Jan. 19, 2012).[2]

The Third Circuit and its "sister circuits have . . . identified impending and finalized settlements in federal actions as justifying 'necessary in aid of jurisdiction' injunctions of duplicative state actions." *Carlough*, 10 F.3d at 203; *see also In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332 (5th Cir.1981) (state court proceeding halted to protect federal jurisdiction over imminent settlement); *Battle v. Liberty Nat'l Life Ins.*, 877 F.2d 877, 882 (11th Cir.1989) (collateral state proceedings enjoined under necessary in aid exception). This is because while the federal court is crafting and finalizing the settlement, such actions would have "the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102 (11th Cir. 2004) (citations omitted).

The Third Circuit has recognized that "state court actions present a special threat to the jurisdiction of" "a federal court entertaining complex litigation, especially when it involves a substantial class of persons from multiple states, or represents a consolidation of cases from multiple districts. . . ." *In re Diet Drugs*, 282 F.3d at 235; *see also id.* at 236 ("In complex cases where certification or settlement has received conditional approval, or perhaps even where settlement is pending, the challenges facing the overseeing court are such that it is likely that almost *any* parallel litigation in other fora presents a genuine threat to the jurisdiction of the federal

---

[2] The court has personal jurisdiction to enjoin Class Member actions in other fora "once the [court] approve[s] the dissemination of notice and commence[s] the opt out period." *Carlough v. Amchem Prod., Inc.*, 10 F.3d 189, 201 (3d Cir. 1993).

court.") (emphasis added); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 104–05 (3d Cir. 2002) ("[D]istrict courts overseeing complex federal litigation are especially susceptible to disruption by related actions in state fora" and exposure to "suits in state court despite settlement of the federal claims" "would seriously undermine the possibility for settling any large, multi-district class action.").[3] This is based on "the recognition that maintaining the federal court's flexibility and authority to decide such complex nationwide cases makes special demands on the court. . . ." *In re Diet Drugs*, 282 F.3d at 235 (citations omitted).

This is a complex case involving a nationwide settlement that will resolve a number of parallel actions in different jurisdictions. If the Court grants certification of the settlement class and preliminary approval, pending litigation in other fora by Settlement Class Members would waste resources and impede the Court's ability to efficiently finalize settlement in this case. In short, "the parties . . . seek [a] complicated, comprehensive settlement[] to resolve as many claims as possible in one proceeding," and so actions in other state and federal fora should be enjoined to protect this Court's jurisdiction. *Id*.

The requested temporary injunction until a decision on final approval in this case would not unduly prejudice any Settlement Class Members. Settlement Class Members may choose to opt out. If they do so, then assuming the settlement ultimately receives final approval, they may then pursue claims in other fora. But if they do not opt out and the settlement is finally approved, all their claims "that would be subject to the injunction would become moot." *In re Uponor*, 2012 WL 13065005, at *11; *see also Carlough*, 10 F.3d at 197–98 ("[T]he injunction as against class members, who could opt out, was valid as a directive facilitating the efficient management of the

---

[3] As the Third Circuit has noted, "courts have analogized complex litigation cases to actions in rem . . . over which the district judge require[s] full control." *In re Diet Drugs*, 282 F.3d at 235 n.12 (citations omitted).

federal class action."). A temporary stay pending the decision whether to finally approve the proposed settlement is therefore warranted and would have no meaningful prejudicial effect on members of the Settlement Class that choose to opt out (if any).

## II.   A Partial Stay Is Appropriate as to *Tomlinson*

*Tomlinson v. Monsanto*, 1916-CV22788 (Jackson Co. Mo, 2019), a pending action in Missouri state court, is likely to interfere with the finalization of settlement in this case unless the overlapping portion of that action is also stayed. As noted in Plaintiffs' motion for preliminary approval, *Tomlinson* asserts similar claims to those at issue here on behalf of a class of Missouri purchasers of Roundup® products based on similar factual allegations. *See Tomlinson* Am. Petition ¶¶ 3, 73, 93, 94 (alleging that Monsanto sold Roundup®-brand glyphosate-containing products without disclosing that "Roundup is a known carcinogen" and that this caused them to pay more than they would have for the products).

Unlike other related cases, *Tomlinson* seeks relief on behalf of not just Missouri purchasers of Monsanto's Lawn & Garden ("L&G") products, but also Missouri purchasers of Monsanto's Roundup® products sold for Agricultural ("AG") and Industrial & Professional ("I&P") applications. *See* Mot. for Prelim. Approval, Section I(E). Although *Tomlinson*'s scope is broader than the scope of this case, in that it includes AG and I&P products, there is nonetheless significant overlap justifying a partial stay of proceedings in that case, at least as to products covered by the settlement here, until this Court determines whether to grant final approval of the proposed settlement.

The Missouri Merchandising Practice Act ("MMPA"), the sole cause of action in the *Tomlinson* matter, allows recovery only for those purchasers who bought Roundup® products "primarily for personal, family, or household purposes." Mo. Rev. Stat. § 407.025.1; *Cupit v. Dry Basement, Inc.*, 592 S.W.3d 417, 423 (Mo. Ct. App. 2020) (personal use is an element of MMPA

claim); *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. 2007) (en banc) (same). Given this "primary-purpose" requirement under the MMPA, purchasers of L&G products (all of whom are included in the Settlement Class in this case) likely make up the great majority of the class members in *Tomlinson* who would have any possible chance of recovery. The case should be stayed as to purchasers of these L&G products, who are members of the Settlement Class.

The plaintiffs in *Tomlinson*, however, also seek recovery for purchases of AG and I&P Roundup® products. Leaving aside whether and how plaintiffs in the *Tomlinson* action could demonstrate the "primary-purpose" element of the MMPA as to such products, these non-L&G products are not the subject of the instant settlement before this Court. Accordingly, Monsanto is only seeking to stay that portion of the case that deals with the L&G products.

*Tomlinson* represents a particular risk of interference with this case because the court there has granted plaintiffs' motion for class certification (but notice to class members has not yet been effectuated). *See id*. Monsanto has filed a petition for a writ of prohibition with the Missouri Supreme Court, which is still pending. But in the meantime (or if that petition is unsuccessful), plaintiffs' counsel in *Tomlinson* have a strong incentive (in order to protect their own potential fee awards) to interfere with the settlement in this case, encourage opt-outs, and otherwise attempt to use the *Tomlinson* action to derail the parties' efforts—even when not in the best interests of Settlement Class members.[4]

---

[4] Of course, the parties do not suggest that plaintiffs in *Tomlinson* cannot opt out of this settlement, nor that they cannot object to this settlement and be heard at the final approval hearing like any other members of the Settlement Class. They may do either. But it is this orderly and structured process—with formal objections and responses from the parties, and after notice has been provided to the Settlement Class so that this Court can see whether any objections that counsel in *Tomlinson* may put forth are shared more broadly by a significant portion of the Settlement Class—that should proceed.

Moreover, while the plaintiffs in *Tomlinson* have not yet effected any notice to the class in that case, or even sought the Missouri court's approval of a notice plan, they may seek to do so if proceedings there are not stayed during the pendency of approval proceedings here.  That could create significant confusion to those members of the Settlement Class who reside in Missouri, who would simultaneously receive notice of a proposed settlement in this action and notice that a class was certified in *Tomlinson*, presumably with different methods of opting out in each case.  *See Carlough*, 10 F.3d at 204 (stay appropriate where continued pendency of state action could create confusion as to the inclusion of class members in state where state-court action was pending); *In re Diet Drugs*, 282 F.3d at 237 (stay is appropriate where continuation of state-court proceedings could result in confusion of state residents "as to their status in 'dueling lawsuits'") (citing *Carlough*).

To be clear, the parties are not requesting that the Court enjoin further proceedings in *Tomlinson* by individuals who are not members of the Settlement Class related to products not included in the settlement (i.e., AG and I&P products).[5]  Instead, the parties are only asking this Court to stay Settlement Class Member claims, in *Tomlinson* and any other related case, to protect the Court's jurisdiction over this settlement and avoid any wasteful duplication or confusion that might occur as a result of parallel proceedings.  The requested injunction, as applied to *Tomlinson* (or any other case that may be filed in the future with a similar scope) would therefore be minimally prejudicial—any plaintiffs who fall outside the Settlement Class will be outside the scope of the

---

[5] Monsanto is concurrently moving the state court for a full stay of proceedings in *Tomlinson*. Missouri law and analogous law in other jurisdictions suggest that a complete stay is appropriate to promote the efficient use of judicial resources.  However, because the stay requested here is based on this Court's "necessary in aid of" jurisdiction under the All–Writs Act, and because claims in *Tomlinson* related to AG and I&P products do not overlap with the claims at issue in this case, the parties seek here only a stay of the portion of the *Tomlinson* case related to L&G products.

requested injunction, and state-court plaintiffs who are Class Members will remain free to opt out of the settlement or lodge formal objections to be heard by this Court at the final-approval hearing.

## CONCLUSION

For the reasons stated above, the parties respectfully request that the Court issue the requested injunction proposed in the preliminary approval order.

Dated: June 14, 2021

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 282-5785
jrosenthal@winston.com

Jeff Wilkerson
WINSTON & STRAWN LLP
300 S. Tryon St., 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7714
jwilkerson@winston.com

*Counsel for Defendant*

*/s/ William J. Rhodunda*
William J. Rhodunda, Jr. (#2774)
Chandra J. Williams (#4907)
RHODUNDA WILLIAMS & KONDRASCHOW
Brandywine Plaza West
1521 Concord Pike, Suite 205
Wilmington, DE 19803
Bill@rawlaw.com
Chandra@rawlaw.com

Gillian L. Wade (admitted pro hac vice)
Marc A. Castaneda (admitted pro hac vice)
Sara D. Avila (admitted pro hac vice)
MILSTEIN, JACKSON,
FAIRCHILD & WADE, LLP
10990 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90024
Telephone: (310) 396-9600
Fax: (310) 396-9635
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
savila@mjfwlaw.com

*Counsel for Plaintiffs*