**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SCOTT GILMORE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1085-MN |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL DECLARATION OF GILLIAN L. WADE IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND FOR CERTIFICATION OF THE CLASS FOR THE PURPOSES
OF SETTLEMENT**

I, Gillian L. Wade, declare as follows:

1.        I am admitted to practice in this Court *pro hac vice* and a partner at Milstein Jackson Fairchild & Wade, LLP ("MJFW"), counsel of record for Plaintiffs Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams ("Plaintiffs").  I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2.        This supplementary declaration is submitted in further support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement (the "Motion"), filed on June 14, 2021.

3.        On June 28, 2021, proposed intervenor Jason Rinehart filed an opposition to Plaintiffs' Motion on grounds the proposed Settlement Agreement could potentially release medical monitoring claims, which he is asserting on behalf of a class in another case. *See* ECF No. 37.

4.        On July 14, 2021, Defendant Monsanto Company ("Monsanto") wrote a letter to the Court in response to Mr. Rinehart's concerns about the scope of the release. *See* ECF No. 49. Monsanto explained that the parties had always intended "that the term 'Personal Injury Claims' would include medical-monitoring claims" and that "the parties ha[d] conferred and agreed to make minor amendments to the language of the proposed Settlement Agreement to clarify" this point. *Id.* at 1.

5.        In light of the decision to amend the proposed Settlement Agreement to address Mr. Rinehart's concerns about the scope of the release, the parties have amended the proposed Settlement Agreement (the "Amended Settlement Agreement") to not only clarify that the release excludes claims for medical monitoring, but also further emphasizes that any claims of

personal injury, and any alleged losses resulting therefrom are not included in the release. Such modifications shall inure to the benefit of the Settlement Class (defined in the proposed Amended Settlement Agreement). These changes are found at paragraphs (A)(32) (defining "Medical Monitoring"), (A)(41) (clarifying definition of "Personal Injury Claims"), (L)(1) (clarifying scope of release).

6.      Attached hereto as **Exhibit 1** is a true and correct copy of the proposed Amended Settlement Agreement and exhibits thereto.

7.      Attached hereto as **Exhibit 2** is a true and correct copy of a redlined version of the proposed Amended Settlement Agreement, tracking the changes made from the originally proposed Settlement Agreement.

8.      The proposed Amended Settlement Agreement also modifies the definition of Class Counsel to include Joel Oster of Oster Law Firm and of Counsel to the Law Offices of Howard Rubinstein.

9.      Mr. Oster is counsel of record for Plaintiffs (admitted *pro hac vice* in October 2020) and has assisted in the vigorous prosecution of this matter and the Related Cases, and participated in the February 16, 2021 mediation before Judge Welsh. Mr. Oster is also counsel of record and lead appellate counsel for Plaintiff Julio Ezcurra in his appeal of the related case *Ezcurra v. Monsanto Co.*, No. 9:20-cv-80524 (S.D. Fla.) (filed 2/19/2020), which is currently before the Eleventh Circuit, No. 20-13341 (11th Cir.).  Mr. Oster is also counsel of record and lead appellate counsel for Plaintiff Weeks in his appeal of the related case *Weeks v. Home Depot U.S.A., Inc.*, No. 2:19-cv-6780 (C.D. Cal.) (filed 8/5/19), which is currently before the Ninth Circuit, No. 21-55027 (9th Cir.).

10.     Mr. Oster's inclusion as Class Counsel will benefit the Settlement Class because he will the provide additional resources and expertise necessary to successfully manage this class action settlement to its conclusion.

11.     Mr. Oster has extensive experience in appellate matters and complex litigation, and he has experience litigating class actions. Mr. Oster was recently appointed class counsel in *Ferron v. Kraft Heinz Foods Company*, Case no. 20-cv-62136, in the United States District Court for the Southern District of Florida (2021). Mr. Oster also represented the town of Greece, New York in the landmark constitutional case *Galloway v. Greece*, which he argued before the United States District Court for the Western District of New York and the Second Circuit, and was part of the legal team presenting the case to the United States Supreme Court. *Galloway v. Greece*, 572 U.S. 565 (2014), *Galloway v. Greece*, 681 F.3d 20 (2nd Cir. 2012). Mr. Oster regularly defends various individuals and corporations against discriminatory and unconstitutional practices. *See, e.g., Trinity Lutheran Church of Columbia v. Comer*, 788 F.3d 779 (8th Cir. 2015), *decided in* 137 S. Ct. 2012 (2017); *Word of Life Church v. State Farm Lloyds*, Case No. 18-50108, (5th Cir. 2019).

12.     In addition, Mr. Oster is a national speaker for lawyers on attorney ethics, legal practices, and constitutional law, having spoken before various legal and judicial conferences, including the Federal Bar Association, New Jersey Bar Association, Oklahoma Bar Association, Nebraska Bar Association, Cleveland Bar Association, Columbus Bar Association, University of Missouri-Kansas City School of Law, Pennsylvania Conference of State Trial Judges, Allegheny County Bar Association, New Mexico Bar Association, Constitutional Officers Association of New Jersey, Philadelphia Bar Association, Wilkes-Barre Law and Library Association, Missouri Bar Association, Topeka Bar Association, Wyoming Bar Association, Arizona State University and the Alaska Bar Association.

5

13.     Mr. Oster earned his J.D. in 1997 from the University of Kansas School of Law. He is admitted to the bar in Kansas, Missouri, Florida, and numerous federal courts.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on August 19, 2021 in Los Angeles, California.

_/s/ Gillian L. Wade_
Gillian L. Wade
