**[IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SCOTT GILMORE, et al.,

Plaintiffs,

vs.

MONSANTO COMPANY,

Defendant.

C.A. No. 20-1085-MN

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO PROPOSED INTERVENORS GARY BROWN AND PATRICIA GODSEY'S MOTIONS TO INTERVENE**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ........................................................................................1

II. RELEVANT BACKGROUND ........................................................................................1

A. The Settlement does not release or seek to stay any claims for personal injury...........2

B. Mr. Brown Does Not Seek to Recover Damages Related to his Roundup Purchases........................................................................................3

C. Ms. Godsey does not contend she ever purchased Roundup, and is thus not a member of the proposed Settlement Class........................................................................................4

III. INTERVENTION IS IMPERMISSIBLE AND UNWARRANTED. ..................................4

A. Proposed Intervenors do not come close to meeting their heavy burden to intervene as of right. ........................................................................................4

1. Legal Standard for intervention as of right ........................................................5

2. Proposed Intervenors' Motions are untimely........................................................5

3. Proposed Intervenors do not have a sufficient interest in the underlying litigation ........................................................................................6

4. Even if Proposed Intervenors had a sufficient interest in the underlying litigation, it would not be impaired or affected by the disposition of the underlying action ........................................................................................8

5. Proposed Intervenors cannot overcome the adequacy presumption .....................9

B. Permissive Intervention is also unwarranted and prejudicial. ....................................12

IV. CONCLUSION........................................................................................13

# TABLE OF AUTHORITIES

**Cases** ***Page***

*Allen v. Dairy Farmers of Am., Inc.* (D. Vt. May 4, 2011)
2011 WL 1706778 .......... 10

*Am. Ass'n of People With Disabilities v. Herrera* (D.N.M. 2008)
257 F.R.D. 236 .......... 13

*Brennan v. Cmty. Bank, N.A.* (M.D. Pa. 2016)
314 F.R.D. 541 .......... 10

*Brody v. Sprang* (3d Cir. 1992)
957 F.3d 1108 .......... 12

*Choike v. Slippery Rock Univ. of Pa. of State Sys. of Higher Educ.* (3d Cir. 2008)
297 F. App'x 138 .......... 5

*City of Stilwell, Oklahoma v. Ozarks Rural Elec. Co-op. Corp*. (10th Cir. 1996)
79 F.3d 1038 .......... 13

*Demarco v. Avalonbay Communities, Inc.* (D.N.J. Oct. 12, 2016)
2016 WL 593470 .......... 5, 13

*Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC* (M.D. Pa. Sept. 30, 2014)
2014 U.S. Dist. LEXIS 139095 .......... 6, 9, 11

*Granillo v. FCA US LLC* (D.N.J. Sept. 28, 2018)
2018 WL 4676057 .......... 9, 10, 12, 13

*Harris v. Pernsley* (3d Cir. 1987)
820 F.2d 592 .......... 6

*In re Cendant Corp. Securities Litigation* (D.N.J. 2000)
109 F.Supp.2d 273 .......... 7

*In re Cmty. Bank of Northern Virginia Mortgage Loan Litig*. (3d Cir. 2005)
418 F.3d 277 .......... 6, 10

*In re Nat'l Football League Players Concussion Inj. Litig*. (3d Cir. 2016)
821 F.3d 410 .......... 9

*In re Sunrise Securities Litigation* (E.D. Pa. 1990)
131 F.R.D. 450 .......... 7

*In re Uponor, Inc*. (D. Minn. Jan. 19, 2012)
2012 U.S. Dist. LEXIS 5339 .......... 11

*Kleissler v. U.S. Forest Serv*. (3d Cir. 1998)
157 F.3d 964 .......... 5, 8

*Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc*. (3d Cir. 1995)
72 F.3d 361 .......... 6

*Nicholas v. Saul Stone & Co. LLC* (D.N.J. Oct. 11,1997)
1997 U.S. Dist. LEXIS 23821 .......... 13

*PA Prison Soc. V. Cortes* (3d Cir. 2010)
622 F.3d 215 .......... 10

*Robertson v. Enbridge (U.S.) Inc.* (W.D. Pa. May 28, 2021)
2021 U.S. Dist. LEXIS 117663 .......... 13

*Townes v. Trans Union, LLC*, No. 04-1488-JJF (D. Del. Aug. 30, 2007)
2007 U.S. Dist. LEXIS 65452 .......... 8, 9

*United States v. Alcan Aluminum*
25 F.3d 1174 .......... 6

**Rules**

FED. R. CIV. P. 24 .......... 5, 12

Plaintiffs Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams ("Plaintiffs"), submit this memorandum in opposition to Gary Brown ("Mr. Brown") and Patricia Godsey's ("Ms. Godsey") (collectively, "Proposed Intervenors") Motions to Intervene (ECF Nos. 60, 61) (the "Motions").

## I. INTRODUCTION

Proposed Intervenors misguided attempt to intervene in this matter and disrupt the orderly class action approval process is premised on a fundamental misreading of the proposed settlement agreement's release, which does not encompass the claims at issue in Proposed Intervenors' respective actions. Indeed, their claims—which seek recovery only for personal injuries and economic damages stemming therefrom—are *not* subject to the release and would *not* be enjoined by the parties' joint motion to stay related proceedings. Even if part of their claims were subject to the release (from the face of their respective complaints, they are not), Proposed Intervenors can accept the benefits of the settlement as to those claims or opt-out. Because the proposed settlement adequately protects any possible interest Proposed Intervenors have in this litigation, intervention is wholly unwarranted.

## II. RELEVANT BACKGROUND

This action concerns Monsanto Company's ("Monsanto" or "Defendant") marketing, labeling, and sale of its glyphosate-containing Roundup® products (the "Products") without disclosing—on the Roundup® label, on its webpages, on in-store advertisements, and through other means of disclosure—that such products may cause cancer. ECF No. 22 at ¶ 154-56. The Second Amended Complaint ("SAC") seeks economic damages arising from Plaintiffs' purchase of the Products, which was induced by Monsanto's failure to disclose the Products' carcinogenicity. *Id.* at ¶¶ 134-35 ("but for Defendant's omissions, the actual price Plaintiffs and Class Members paid would have and should have been less"). Plaintiffs do not seek, nor have they

ever sought, relief for any personal injuries or related damages.

**A. The Settlement does not release or seek to stay any claims for personal injury.**

Following litigation in this action and other "Related Actions" against Monsanto and retailers of the Products, as well as discovery, settlement discussions, and an extensive arm's length mediation, Plaintiffs and Monsanto reached a nationwide settlement that would provide Settlement Class Members[1] a fund of up to $45 million. *See generally* Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement (ECF Nos. 24-30) ("MPA"). The proposed settlement releases claims against Monsanto for false or misleading advertising, breach of contract or warranty, and any other claim for economic loss (in connection with the Settlement Class Member's purchase of the Products) related to the "alleged carcinogenicity, toxicity related to the alleged carcinogenicity, toxicity, genotoxicity, endocrine disruptive effects, or any other alleged health effects of the Products or any ingredient or component thereof." ECF No. 59-1 at ¶ (L)(1). **Notably, the "Released Claims," do not include Personal Injury Claims[2] or Medical Monitoring Claims**.[3]

[1] The Settlement Class consists of "all Persons in the United States who, during the Class Period, purchased Products . . . in the United States other than for resale or distribution," subject to certain exclusions. ECF No. 59-1 at ¶ (A)(52).

[2] Defined as "Claims that assert a right to recover damages for the actual physical injury or illness of a natural person or that seek to recover compensatory, punitive, or exemplary damages, or attorney's fees, allegedly resulting or arising from the actual physical injury or illness of a natural person, including, for example, claims for mental or physical pain or suffering; emotional or mental harm; loss of enjoyment of life; loss of wages, income, earnings, or earning capacity; medical expenses; doctor, hospital, nursing, or drug bills; loss of support, services, consortium, companionship, society, or affection; damage to familial relations; and wrongful death and survival actions. It is expressly contemplated that a cause of action could include both Claims that are Personal Injury Claims and Claims that are not Personal Injury Claims." *Id.* at ¶ (A)(41).

[3] Defined as "Claims that seek to require, or recover damages amounting to the costs of, medical monitoring or screening for potential physical injury or illness of a natural person. It is expressly

*Id.* Settlement Class Members who do not wish to release their claims may opt out of and be excluded from the settlement. *See id.* at ¶ (J).

Concurrently with the MPA, Plaintiffs and Monsanto filed a Motion to Stay Related Proceedings (the "Motion to Stay"). *See* ECF Nos. 32-33. The Motion to Stay seeks a stay of all pending or future state and federal proceedings asserting *Released Claims*. ECF No. 33 at 1. However, as the proposed settlement makes clear, "[t]o the extent that any action or proceeding includes both Personal Injury Claims or Medical Monitoring Claims and Claims that would otherwise be released by this Agreement, the Personal Injury Claims and/or Medical Monitoring Claims will not be deemed released, but the other Claims will be released." *Id.*

Thus, should the Settlement be preliminarily approved and the Motion to Stay granted, any action asserting both a Personal Injury Claim or Medical Monitoring Claim *and* a Released Claim—i.e., a claim for economic damages arising from the purchase of the Product—would not be stayed, but the Released Claims could not be pursued (unless the plaintiff opted out). Of course, as set forth below, that is not the case here, as neither Proposed Intervenor is pursuing a Released Claim. But even if they were, by the Settlement Agreement's express terms, neither Proposed Intervenor's entire case would be subject to the requested stay, and they would only be barred from pursuing Released Claims.

**B. Mr. Brown Does Not Seek to Recover Damages Related to his Roundup Purchases.**

Mr. Brown's complaint, filed on May 15, 2019, asserts claims for strict products liability, negligence, misrepresentation, and consumer fraud against Monsanto as a result of its failure to disclose that Roundup may cause non-Hodgkin's lymphoma ("NHL"). ECF No. 60-1 at ¶¶ 131-

contemplated that a cause of action could include both Claims that are Medical Monitoring Claims and Claims that are not Medical Monitoring Claims." *Id.* at ¶ (A)(32).

220. Although Mr. Brown seeks economic and non-economic damages related to his contraction of NHL from using Roundup, *id.* at ¶¶ 229-37, he does not assert any damages related to his purchase of the Products.

### C. Ms. Godsey does not contend she ever purchased Roundup, and is thus not a member of the proposed Settlement Class.

Ms. Godsey's complaint, filed on August 30, 2018, asserts claims for strict products liability, failure to warn, negligence, and breach of warranties against Monsanto as a result of its failure to disclose that Roundup may cause NHL. ECF No. 61-1 at ¶¶ 127-214. Ms. Godsey seeks compensatory and exemplary damages for her losses related to her contraction of NHL from using Roundup. *Id.* at p. 47. Ms. Godsey, like Mr. Brown, does not assert any damages related to the actual purchase of the Products. In fact, Ms. Godsey *does not even allege purchasing the product herself* and therefore is not a member of the proposed Settlement Class potentially subject to any stay. *Id.* at ¶ 192 ("Plaintiff's employers made the decision to purchase Roundup® . . . .").

## III. INTERVENTION IS IMPERMISSIBLE AND UNWARRANTED.

The Court should not permit intervention. Even if Ms. Godsey was actually a member of the proposed Settlement Class, neither Proposed Intervenor comes close to demonstrating the 'Intervention of Right' requirements, and permissive intervention is also unwarranted and prejudicial.

### A. Proposed Intervenors do not come close to meeting their heavy burden to intervene as of right.

Proposed Intervenors cannot meet their burden with respect to Rule 24(a). Their untimely Motions fail to establish Proposed Intervenors have a sufficient interest in the litigation, given their claims for personal injury and related economic damages are not released by the Settlement and not subject to the Motion to Stay. But even assuming *some* of their claims could be characterized

as Released Claims, Proposed Intervenor's interests would not be impaired or affected because of their ability to accept the benefits of the settlement as to those claims, or opt out of the Settlement Class. Additionally, Proposed Intervenors elicit no facts showing Plaintiffs would inadequately represent any interest they might have in this litigation.

**1. Legal Standard for intervention as of right**

Rule 24 provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). "The Proposed Intervenors bear the burden of proving each element and failure to prove any one of the criteria is sufficient grounds to deny the motion." *Demarco v. Avalonbay Communities, Inc.*, No. 15-628, 2016 WL 5934704, at *2 (D.N.J. Oct. 12, 2016) (quotations omitted). Thus, "Rule 24(a)(2) require[s] proof of four elements from the applicant seeking intervention as of right: [(1)] a timely application for leave to intervene; [(2)] a sufficient interest in the litigation; [(3)] a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and [(4)], inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv*., 157 F.3d 964, 969 (3d Cir. 1998) (citations removed).

**2. Proposed Intervenors' Motions are untimely.**

Proposed Intervenors' motion to intervene in this action filed *after* Plaintiffs filed their MPA should be rejected as untimely. Indeed, courts in the Third Circuit have routinely held motions to intervene filed after settlements are reached are untimely and unfairly prejudicial to the class and settling parties. *Choike v. Slippery Rock Univ. of Pa. of State Sys. of Higher Educ.*, 297 F. App'x 138, 141 (3d Cir. 2008) ("[T]he parties have reached a [class action] settlement

… *before* [the proposed intervenor] sought to intervene, and the District Court was concerned that allowing the intervention would derail[] the settlement") (citations omitted); *see also Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC*, 2014 U.S. Dist. LEXIS 139095, at *15 (M.D. Pa. Sept. 30, 2014) (intervention after settlement was reached "would certainly prejudice the adjudication of the rights of the original parties, all of whom seek to settle the instant litigation," since it "would add unnecessary complexities that could cause undue delay in the resolution of th[e] case"). Proposed Intervenors' argument there would be no prejudice if they were allowed to intervene at this stage is without merit.

Moreover, even if the Court were to accept Proposed Intervenors' contention that they only became aware of this matter following the *Tomlinson* Plaintiffs' opposition (ECF No. 41), filed on June 28, 2021, their three-month delay is inexcusable when compared to the outer limits of what courts ordinarily consider to be a timely motion to intervene. *See, e.g., Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc*., 72 F.3d 361, 370 (3d Cir. 1995) (motion to intervene filed 37 days after intervenors "learn[ed] that their interests were in jeopardy" is timely); *United States v. Alcan Aluminum*, 25 F.3d 1174, 1183 (motion to intervene filed 43 days after intervenors "became aware of the potential risk to their contribution claim" is timely). Proposed Intervenors' Motion should be denied on this basis alone.

**3. Proposed Intervenors do not have a sufficient interest in the underlying litigation.**

A movant seeking to intervene as of right must demonstrate that it has a "sufficient interest" in the litigation. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). The Third Circuit has explained that "sufficient interest" means that the asserted interest "must be a legal interest as distinguished from interests of a general and indefinite character." *Id*. (quotation and citation omitted).

Ms. Godsey clearly lacks a sufficient interest in the litigation because she has no interest in it. The proposed Settlement Class includes "all Persons in the United States who, during the Class Period, ***purchased Products*** . . . in the United States other than for resale or distribution . . . ." ECF No. 59-1 at ¶ (A)(52) (emphasis added). In her complaint, Ms. Godsey does not allege she purchased any of the Products—rather, "Plaintiff's employers made the decision to purchase Roundup®." ECF No. 61-1 at ¶ 192. Because she is not a Settlement Class Member, she obviously cannot claim to have a "sufficient interest" in this litigation. *See, e.g., In re Cendant Corp. Securities Litigation*, 109 F.Supp.2d 273, 277 (D.N.J. 2000) (*citing In re Sunrise Securities Litigation*, 131 F.R.D. 450, 459 (E.D. Pa. 1990) ("as a general rule, only class members have standing to object to a proposed class settlement")).

Even if Ms. Godsey were a member of the Settlement Class, neither Proposed Intervenor can demonstrate a sufficient interest in the litigation. Ms. Godsey's claims against Monsanto for personal injury and related economic damages are not Released Claims as defined under the proposed Settlement Agreement, nor would they be subject to the Motion to Stay. For her breach of express warranty claim, Ms. Godsey seeks to recover only for "pain and suffering" and economic losses for her "significant expenses for medical care and treatment." ECF No. 61-1 at ¶ 198. Likewise, for her breach of implied warranty claim, Ms. Godsey seeks to recover for her "severe and permanent physical and emotional injuries," including economic losses for her "significant expenses for medical care and treatment." *Id.* at ¶ 213. Her complaint does not seek damages related to the purchase of the Products, but rather, to her alleged injuries stemming from the personal injuries she suffered. *See* ECF No. 59-1 at ¶ (L)(1) (Released Claims do not include any Personal Injury Claims or Medical Monitoring Claims). Because she is not asserting any Released Claims, her action is not affected by the proposed Settlement or the Motion to Stay.

The same reasoning applies to Mr. Brown. Nowhere in his complaint does he even seek economic damages related to his purchase of the Products, or reimbursement for the alleged purchases. Rather, he contends he "suffered and continue[s] to suffer grave injuries, and ha[s] endured physical pain and discomfort, as well as economic hardship, including considerable financial expenses for medical care, and treatment." ECF No. 149. Again, because his claims assert only economic losses arising from his personal injuries, they are not subject to the Release and thus would not be stayed should the parties' Motion to Stay be granted.

**4. Even if Proposed Intervenors had a sufficient interest in the underlying litigation, it would not be impaired or affected by the disposition of the underlying action.**

Even if Proposed Intervenors could show they have a sufficient interest in this action, their Motions to Intervene as of right would still fail because they cannot show "a threat that [their] interest will be impaired or affected, *as a practical matter*, by the disposition of the action." *Kleissler*, 157 F.3d at 969 (emphasis added). Indeed, if Proposed Intervenors' claims were subject to the Release, their interests would be, in fact, protected as they have the option to (1) accept the benefits of the settlement or (2) opt-out. Thus, as was the case in *Demchak*, the fact that the Proposed Intervenors here "can opt out of the settlement class and reserve all of their rights . . . is fatal to their motion to intervene." 2014 U.S. Dist. LEXIS 139095, at *11-12; *see also Townes v. Trans Union, LLC*, No. 04-1488-JJF, 2007 U.S. Dist. LEXIS 65452, at *9 (D. Del. Aug. 30, 2007) ("the Court concludes that the presence of the opt-out provision prevents the impairment of any legal interests held by those who may also be part of the proposed putative class").

Proposed Intervenors confusingly argue they will nevertheless suffer a concrete injury if they are not allowed to intervene, because their suits would be enjoined before they have the "chance to opt-out" should the Motion to Stay be granted. ECF No. 60 at 7, ECF No. 61 at 7-8. This is wrong. Even if Proposed Intervenor's individual personal injury cases were asserting

Released Claims (which they are not, for reasons discussed in Section III(A)(3)), *the Motion to Stay expressly provides that any Class Member can opt out of the proposed Settlement.* ECF No. 33 at 3. Any Settlement Class Member who does not opt-out and has individual personal injury claims would not be bound by the stay because, by definition, such claims are not Released Claims. These mechanisms adequately protect Proposed Intervenors' interests.

As such, Proposed Intervenors' Motions should be denied. *See Demchak*, 2014 U.S. Dist. LEXIS 139095, at *12 ("Because the court finds that the proposed intervenors can protect their interests by means other than intervention, the proposed intervenors have not established the third factor for intervention as a matter of right. As the proposed intervenors' failure on [this] factor is fatal to their motion to intervene as a matter of right, the court need not consider the final factor."); *Townes v. Trans Union, LLC*, No. 04-1488-JJF, 2007 U.S. Dist. LEXIS 65452, at *9 (D. Del. Aug. 30, 2007) ("the Court concludes that the presence of the opt-out provision prevents the impairment of any legal interests held by those who may also be part of the proposed putative class").

**5. Proposed Intervenors also cannot overcome the adequacy presumption.**

In the Third Circuit, "[i]n the class-action context, potential intervenors must overcome a presumption of adequate representation[.]" *In re Nat'l Football League Players Concussion Inj. Litig*., 821 F.3d 410, 434 (3d Cir. 2016); see also *Granillo v. FCA US LLC*, No. 16-153, 2018 WL 4676057, at *9 (D.N.J. Sept. 28, 2018) (quoting *In re Cmty. Bank*, 418 F.3d at 315) ("[u]nder Third Circuit law, however, because it is assumed that the absent class member seeking intervention 'has the same ultimate objective as a party to the suit...a presumption arises that its interests are adequately represented.'"). "In order to overcome the presumption, the proposed intervenors must demonstrate "'adversity of interest, collusion, or nonfeasance on the part of [Plaintiffs].'" *Granillo*, 2018 WL 4676057, at *9 (quoting *In re Cmty. Bank*, 418 F.3d at 315).

The burden is especially difficult to overcome by absent class members at the preliminary

approval stage because such putative "[i]ntervenors, as class members, are not deprived of their ability to protect their interests [where intervention is denied]. Any substantive challenges raised by the intervenors can be addressed, if they so choose, as objections to the settlement." *Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 546 (M.D. Pa. 2016) (citing *PA Prison Soc. V. Cortes*, 622 F.3d 215, 232 (3d Cir. 2010)). "[P]roposed [absent class member] intervenors are free to opt out of the class settlement[,] have the opportunity to challenge the settlement through such objections at the Final Approval Hearing[, and] have the ability to bring an appeal, should the court approve the settlement." *Id; see also Allen v. Dairy Farmers of Am., Inc.*, No. 09-230, 2011 WL 1706778, at *3 (D. Vt. May 4, 2011) ("[t]o the extent the remaining intervenors believe that Plaintiffs and proposed class counsel cannot adequately represent their interests, they may present their concerns at the court's fairness hearing. They have not demonstrated that, without intervention, they will be unable to protect their interests"); *Granillo v. FCA US LLC*, 2018 U.S. Dist. LEXIS 167693, at *27 ("[t]he Proposed Settlement is subject to final approval, so if Proposed Intervenors wish to submit objections, their opportunity to do so has not run out").

Proposed Intervenors erroneously assert their interests are not adequately represented by either Plaintiffs or Monsanto because "there is no one in this suit to speak for the thousands of nationwide plaintiffs who do not wish to have their lawsuits enjoined until this Court grants potential final approval to the proposed settlement." ECF No. 60 at 7-8, ECF No. 61 at 8. First, as explained above, there are not thousands of nationwide plaintiffs asserting personal injury claims whose actions will be enjoined or stayed, because the Proposed Settlement does not affect personal injury cases. Second, Proposed Intervenors' argument would allow intervention in *any action* where a motion to stay is filed in conjunction with a motion for preliminary approval of a class action settlement. This cannot be the case where the injunctive relief sought by way of the parties'

Motion to Stay is "commonly granted in preliminary approvals of class-action settlements." *In re Uponor, Inc*., 2012 U.S. Dist. LEXIS 5339, at *23-24 (D. Minn. Jan. 19, 2012). Third, Proposed Intervenors do not, because they cannot, cite to any authority for the contention that absent class members have the automatic to intervene because of a pending motion to stay.

Proposed Intervenors further argue, in the most conclusory fashion, that the proposed settlement is the product of "collusion". ECF No. 60 at 5, ECF No. 61 at 5. But as a general principle, "the courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." NEWBERG ON CLASS ACTIONS § 11.51 (4th ed. 2002); *see also Demchak*, 2014 U.S. Dist. LEXIS 139095, at *20-22. Here, Proposed Intervenors do not offer any evidence, only baseless conjecture that some evidence *might* exist. This falls well short of their burden. As noted by one district court:

> However, the [intervenors] have failed to lay a proper foundation relying on outside sources evidencing proposed settlement is collusive. While the [intervenor's] counsel have speculated that Settlement counsel and [defendant] may have engaged in collusion by 'perhaps' conducted [sic] a reverse auction and failing to notify …[intervenors] counsel of the instant action, which they claim resulted in an inadequate proposed recovery and overbroad release, no outside evidence has been presented to the court in this regard. In fact, a declaration from…the mediator in connection with the proposed settlement, repeatedly noted the arm's-length bargaining of the parties' counsel[.]

*Id.* at *21-22.

The same is true here. According to the Hon. Diane Welsh (Ret.), a highly respected mediator, the parties provided (in advance of mediation) "detailed pre-mediation submissions…which included hundreds of pages of exhibits and extensive briefing on the parties' positions on liability, defenses, and damages; relevant case law, the likelihood of class certification; and the history of related actions that informed the court of the litigation." Welsh Decl., ECF No. 27, at ¶ 5. She further noted that "[t]hroughout the mediation, it was clear to me

that each of the parties were represented by experienced and competent counsel, willing to litigate the matter to conclusion, if necessary[,]" and she "observed nothing that suggested any collusion[.]" *Id.* at ¶¶ 8, 9. This is a far cry from the collusive settlement Proposed Intervenors suggest might have happened, and is apparently based entirely on their reading of the baseless allegations made by *Tomlinson* counsel in their motions challenging preliminary approval.

In sum, Proposed Intervenors fail to demonstrate Plaintiffs in this matter cannot adequately represent their interests.

**B. Permissive Intervention is also unwarranted and prejudicial.**

The Federal Rules provide that "[o]n timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact…"[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B), (b)(3). "Permissive intervention is completely discretionary, and where a party fails to show that a right to intervene exists, there can be no abuse of discretion in denying permissive intervention." *Granillo*, 2018 U.S. Dist. LEXIS 167693, at *28-29 (citing *Brody v. Sprang*, 957 F.3d 1108, 1124 (3d Cir. 1992)). Thus. "[t]he Court is not under any obligation to permit intervention simply because there are questions of law or fact in common." *Nicholas v. Saul Stone & Co. LLC*, No. 97-860, 1997 U.S. Dist. LEXIS 23821, at *19 (D.N.J. Oct. 11, 1997). Additionally, "a court's finding that existing parties adequately protect prospective Intervenors' interests will support a denial of permissive intervention." *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 249 (D.N.M. 2008) (citing *City of Stilwell, Oklahoma v. Ozarks Rural Elec. Co-op. Corp*., 79 F.3d 1038, 1043 (10th Cir. 1996)).

The Court should deny permissive intervention for the same reasons intervention as of right

is not warranted. This is the position taken by most courts in analogous situations. *See, e.g.*, *Demarco v. Avalonbay Communities, Inc.*, 2016 U.S. Dist. LEXIS 141415, at *17-18 (D.N.J. Oct. 12, 2016) (permissive intervention at preliminary approval stage unnecessary for same reasons intervention of right denied); *Granillo*, 2018 U.S. Dist. LEXIS 167693, at *29 (because intervenors have opportunity to object, intervention of right at preliminary approval stage not warranted, and denying permissive intervention "for the [same] reasons"); *Robertson v. Enbridge (U.S.) Inc.*, 2021 U.S. Dist. LEXIS 117663, at *13 (W.D. Pa. May 28, 2021) (denying permissive intervention and finding "that all of these issues discussed above under intervention as of right, apply similarly here"). Indeed, Ms. Godsey is not even in the proposed Settlement Class, and Proposed Intervenors fail to cite even one case where a court denied intervention as of right at the preliminary approval stage but subsequently granted permissive intervention.

While Plaintiffs acknowledge Proposed Intervenors' actions share some common questions of fact and law, "[t]he Court is not under any obligation to permit intervention simply because there are questions of law or fact in common." *Nicholas v. Saul Stone & Co. LLC*, No. 97-860(AET), 1997 U.S. Dist. LEXIS 23821, at *19 (D.N.J. Oct. 11,1997). For the reasons stated above, permissive intervention is not warranted.

## IV. CONCLUSION

For all of the aforementioned reasons, Proposed Intervenors' Motions should be denied.

Dated: October 5, 2021

*/s/ Chandra J. Williams*

William J. Rhodunda, Jr. (#2774)
Chandra J. Williams (#4907)
**RHODUNDA WILLIAMS & KONDRASCHOW**
Brandywine Plaza West
1521 Concord Pike, Suite 205
Wilmington, DE 19803
Bill@rawlaw.com

Chandra@rawlaw.com

Gillian L. Wade (admitted pro hac vice)
Marc A. Castaneda (admitted pro hac vice)
Sara D. Avila (admitted pro hac vice)
**MILSTEIN, JACKSON,**
**FAIRCHILD & WADE, LLP**
10990 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
savila@mjfwlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ Chandra J. Williams*
Chandra J. Williams